UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANILLIR RAMIREZ-VEGA

      Plaintiff(s)

CIVIL ACTION NO.
**CV-05-4534**

**VERIFIED COMPLAINT**

**WEXLER, J.**

**JURY TRIAL DEMANDED**

**WALL, M.J.**

-against-

GARDEN CITY POLICE DEPARTMENT,
INCORPORATED VILLAGE OF GARDEN CITY,
POLICE OFFICER JAMES M. SOMMER and
COUNTY OF NASSAU

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 23 2005 ★
BROOKLYN OFFICE

      Defendant(s)
----------------------------------------X

  The plaintiff, complaining of the defendants, by their attorney RICHARD M. GUTIERREZ, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon U.S.C. Sections 1331, 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## PARTIES

5. That the plaintiff ANILLIR RAMIREZ-VEGA is a resident of Queens County, State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the defendants,

The Garden City Police Department, The Incorporated Village of Garden City and The County of Nassau were and still are municipal corporations duly organized and existing under and by virtue of the laws (and Constitution) of the State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant POLICE OFFICER JAMES M. SOMMER is resident of the County of Nassau and an employee of THE GARDEN CITY POLICE DEPARTMENT.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, THE INCORPORATED VILLAGE OF GARDEN CITY, THE COUNTY OF NASSAU AND THE GARDEN CITY POLICE DEPARTMENT, its agents, servants and employees operated, maintained and controlled the Police officers thereof.

9. The defendants, THE INCORPORATED VILLAGE OF GARDEN CITY and THE COUNTY OF NASSAU are local governmental agencies duly formed and operating under and by virtue of the laws and Constitution of the State of New York, and, as such, are responsible for the policies, practices and customs of the GARDEN CITY POLICE DEPARTMENT as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

10. This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

11. Each and all of acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau, the Incorporated Village of Garden City, and under the authority of their office as police officers of said State, County and Village.

## PENDENT STATE CLAIMS

12. That the Notice of the Plaintiff's Claim for unlawful seizure, false arrest and imprisonment, violation of civil rights, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where, and the manner in which the claim arose was duly served upon

the Municipal Agents of the defendants, GARDEN CITY POLICE DEPARTMENT AND INCORPORATED VILLAGE OF GARDEN CITY AND COUNTY OF NASSAU on or about the 23rd day of September ,2004.

13. That a 50-H hearing was scheduled pursuant to Section 50-H of the General Municipal Law. Plaintiffs showed up for the hearing and it was conducted on January 20, 2005.

14. That more than Thirty (30) days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ANILLIR RAMIREZ-VEGA

15. The plaintiff, ANILLIR RAMIREZ-VEGA , repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "14" with the same force and effect as if more fully set forth herein.

16. That on or about the 25th day of June, 2004 at or about 9:32 a.m. to 1:30 p.m. of that day, at Edgemere Road and Harvard Street, in the County of Nassau, State of New York, the defendants, their agents, servants and employees wrongfully and falsely arrested, detained, and restrained plaintiff, ANILLIR RAMIREZ-VEGA , without any right or grounds therefor.

17. That on or about the 25th day of June,2004 the defendants wrongfully and falsely accused the plaintiff, ANILLIR RAMIREZ-VEGA, of the violations of VTL 1229(c).

18. That the said detention, arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law, and without any reasonable cause or belief that the plaintiff, ANILLIR RAMIREZ-VEGA , was in fact guilty of such crimes.

19. That on the aforesaid date, time and place, the plaintiff, ANILLIR RAMIREZ-VEGA, was a passenger in a vehicle stopped, without probable cause, by the Defendant's agents, servants and employees.

20. While the plaintiff, ANILLIR RAMIREZ-VEGA, was so engaged, as aforesaid, the defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable cause, and on the false accusations, then made, that plaintiff,

ANILLIR RAMIREZ-VEGA, was violating Vehicle and Traffic Law 1229 (c) detained and held for four hours at the location of Edgemere Road and Harvard Street. Thereafter Plaintiff was given a Summons to appear in Garden City Village Court on July 19, 2004.

21. The defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained the plaintiff, ANILLIR RAMIREZ-VEGA, even though the defendants, their agents, servants and employees had the opportunity to known or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, ANILLIR RAMIREZ-VEGA, and directed that the plaintiff be detained at the location for four hours.

22. That the plaintiff, ANILLIR RAMIREZ-VEGA, was wholly innocent of said charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid detention thereto entirely against his will.

23. That as a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff, ANILLIR RAMIREZ-VEGA, was compelled to appear before a Justice of the Village Court of Garden City and to be arraigned on the charge of VTL 1229-C.

24. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to detain the plaintiff, ANILLIR RAMIREZ-VEGA, in that the plaintiff was conscious of the detainment was not otherwise privileged.

25. That by reason of the false arrest and detention of the plaintiff, ANILLIR RAMIREZ-VEGA, he was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various offenses and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

26. That by reason of the aforesaid, the plaintiff, ANILLIR RAMIREZ-VEGA, has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and is entitled to an award of punitive damages.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ANILLIR RAMIREZ-VEGA

27. Plaintiff, ANILLIR RAMIREZ-VEGA, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "26" with the same force and effect as if more fully set forth herein.

28. That the defendants, INCORPORATE VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT AND THE COUNTY OF NASSAU were careless and reckless in hiring and retaining as and for its employees, the above named individual POLICE OFFICER JAMES M. SOMMER and unknown police officers in that said defendants lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendant; in that the defendants, INCORPORATE VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT AND THE COUNTY OF NASSAU, failed to investigate the above named defendant's backgrounds and in that they hire and retained as employees of their police department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

29. That the aforesaid occurrence, to wit, the false arrest and detention and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff.

30. That by reason of the aforesaid the plaintiff, ANILLIR RAMIREZ-VEGA, was injured in mind and body, still suffering and upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remain, and was

incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the action of the defendants, their agents, servants and employees, including counsel fees and upon information and belief, will expend further sums of money in that direction, and the plaintiff, ANILLIR RAMIREZ-VEGA, has been otherwise damaged.

31. That by reason of the aforesaid, the plaintiff, ANILLIR RAMIREZ-VEGA, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ANILLIR RAMIREZ-VEGA

32. Plaintiff, ANILLIR RAMIREZ-VEGA, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "31" with the same force and effect as if more fully set forth herein.

33. That the defendants, their agents, servants and employees, negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the named defendant, POLICE OFFICER JAMES M. SOMMER, in that they failed to train their employees in the proper use of weapons and firearms; in the proper method of restraining a suspect; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representative of their employers, and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

34. That the aforesaid occurrence, to wit, the false arrest and detention and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

35. That by reason of the aforesaid, the plaintiff, ANILLIR RAMIREZ-VEGA, was injured in mind and upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remain and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees, and upon information and belief, will expend further sums of money in that direction, and the plaintiff has been otherwise damaged.

36. That by reason of the aforesaid, the plaintiff, ANILLIR RAMIREZ-VEGA, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ANILLIR RAMIREZ-VEGA

37. Plaintiff, ANILLIR RAMIREZ-VEGA, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "36" with the same force and effect as if more fully set forth herein.

38. That the defendants, their agents, servants and employees, negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their duties as a trained police officer would have used under similar circumstances in that they carelessly, recklessly and negligently arrested and detained the plaintiff without making proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the said detention of the plaintiff, that the defendants, their agents, servants and employees, negligently, carelessly and recklessly interfered with plaintiff's rights of free movement on a public street; and in that the defendants, their agents, servants and employees were otherwise negligent, careless and reckless.

39. That the aforesaid occurrence, to wit, the false arrest and detention, and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

40. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remain, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an efforts to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon them by the actions of the defendants, their agents, servants and employees, including counsel fees, and upon information and belief, will expend further sums of money in that direction, and the plaintiff has been otherwise damaged.

41. That by reason of aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ANILLIR RAMIREZ-VEGA

42. Plaintiff, ANILLIR RAMIREZ-VEGA, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "41" with the same force and effect as if more fully set forth herein.

43. That on or about the 25TH day of June, 2004, at or about approximately 9:32 a.m. through 1:30 p.m. on that day, while the plaintiff was lawfully a passenger in a motor vehicle at Edgemere Road and Harvard Street, in the County of Nassau, State of New York, and at subsequent times thereafter, including but not limited to the Garden City Village Court, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, without any just right or grounds therefor.

44. That the plaintiff, ANILLIR RAMIREZ-VEGA, was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

45. That on or about the 19th day of July, 2004, before a Justice of the Garden City Village Court, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff, ANILLIR RAMIREZ-VEGA, with infractions under the New York Vehicle and Traffic Law.

46. That the said prosecution on charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and continuation of the proceedings by the defendants against the plaintiff, ANILLIR RAMIREZ-VEGA, was without probable cause and with actual malice.

47. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff, ANILLIR RAMIREZ-VEGA, was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said plaintiff has been otherwise damaged.

48. That by reason of aforesaid, the plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ANILLIR RAMIREZ-VEGA

49. Plaintiff, ANILLIR RAMIREZ-VEGA, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "49" with the same force and effect as if more fully set forth herein.

50. That on or about the 25TH day of June, 2004 between 9:32 a.m. and 1:30 p.m. on that day, while the plaintiff was lawfully and properly a passenger in a motor vehicle on Edgemere Road and Harvard Street, County of Nassau, at which time and place defendants then and there were present as part of their regular and official employment as police officers for the defendants GARDEN CITY POLICE DEPARTMENT, INCORPORATED VILLAGE OF GARDEN CITY AND COUNTY OF NASSAU.

51. As plaintiff was lawfully and properly thereat, the aforementioned police officers, who having the real and apparent power and authority to arrest and detain the plaintiff, ANILLIR RAMIREZ-VEGA, did so threaten these acts upon the said plaintiff, who, after continuing his lawful activity, was forcefully detained and by the defendant, POLICE OFFICER JAMES M. SOMMER.

52. During the four hour period, the defendants falsely arrested and detained the plaintiff, ANILLIR RAMIREZ-VEGA, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, without any conduct on the part of the said plaintiff to so warrant.

53. In that all of the actions of the defendants, their agents, servants and employees, were committed with the intention of racial profiling of the plaintiff, ANILLIR RAMIREZ-VEGA, to arrest, restrain and detain the said plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the detention and such was not otherwise privileged; and

54. The arrest and imprisonment were not justified by probable cause or other legal privilege, defendants, their agents, servant and employees, acting under the color of statute, ordinances, regulations, customs and usages of the INCORPORATED VILLAGE OF GARDEN CITY, COUNTY OF NASSAU AND THE GARDEN CITY POLICE DEPARTMENT, and under the authority of their office as police officers for said Police Department, falsely charged the plaintiff, ANILLIR RAMIREZ-VEGA, with violating the aforesaid sections of the Vehicle Traffic Law although the defendants, acting in such capacity knew that such charges were false; and

55. That the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train supervise, discipline or in any other way control the behavior, and the performance of the defendants, their agents, servants and employees and their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State of New York is evidence of the reckless lack of cautions regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and

56. The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York, the COUNTY OF NASSAU, THE INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY POLICE DEPARTMENT and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York and the County of Nassau including the plaintiff; and

57. Due to the acts of the defendants, their agents, servants and employees herein, the failure of the COUNTY OF NASSAU, THE INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY POLICE DEPARTMENT to discipline and properly hire the defendants and the continued employment of the defendants represent a clear and present danger to the citizens of the County of Nassau and the State of New York; and

58. That the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff, and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the County of Nassau and the Incorporated Village of Garden City and under the authority of their office as police officers for said Municipalities.

59. Plaintiff, ANILLIR RAMIREZ-VEGA, did not commit, either before or at the time he was falsely arrested and detained, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the State of New York, any illegal act.

60. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, the plaintiff, ANILLIR RAMIREZ-VEGA, was falsely arrested and detained, maliciously prosecuted and compelled to be arraigned and appear in Garden City Village Court, in the County of Nassau and to undergo a prosecution.

61. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant, COUNTY OF NASSAU, THE INCORPORATED VILLAGE

OF GARDEN CITY AND THE GARDEN CITY POLICE DEPARTMENT, and were acting under the color of their official capacity and their acts were performed under the color of policies, statutes, ordinances, rules and regulations of THE GARDEN CITY POLICE DEPARTMENT.

62. That at all time hereinafter mentioned, defendant, POLICE OFFICER JAMES M. SOMMER, and unknown police officers, were acting pursuant to orders and directives from the defendant, THE GARDEN CITY POLICE DEPARTMENT, INCORPORATED VILLAGE OF GARDEN CITY and THE COUNTY OF NASSAU.

63. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of the law, to wit: under color of statutes, ordinances, regulations, customs and usage of the INCORPORATED VILLAGE OF GARDEN CITY and THE COUNTY OF NASSAU and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, ANILLIR RAMIREZ-VEGA, and deprived said plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

64. The Police Officers of the defendants, THE GARDEN CITY POLICE DEPARTMENT, THE INCORPORATED VILLAGE OF GARDEN CITY and THE COUNTY OF NASSAU and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected said plaintiff, and other persons to a pattern of conduct consisting of illegal harassment, false imprisonments and arrests and malicious prosecution at the time said plaintiff was lawfully and properly on the public streets of the COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY, State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

65. This systematic pattern of conduct consists of a large number of individual acts of intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff, ANILLIR RAMIREZ-VEGA, and other citizens by members of the THE GARDEN CITY POLICE DEPARTMENT, THE INCORPORATED VILLAGE OF GARDEN CITY and THE COUNTY OF NASSAU acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead

illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

66. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant, THE INCORPORATE VILLAGE GARDEN CITY, COUNTY OF NASSAU and THE GARDEN CITY POLICE DEPARTMENT, has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

67. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, ANILLIR RAMIREZ-VEGA, of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York.

68. The right of plaintiff, ANILLIR RAMIREZ-VEGA, to be secure in his person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

69. The right of plaintiff, ANILLIR RAMIREZ-VEGA, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and

70. The right of plaintiff, ANILLIR RAMIREZ-VEGA, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

71. That by reason of the aforesaid violations, false arrest and malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff, ANILLIR RAMIREZ-VEGA, and compel him to abandon his rights and privileges as provided to them by the Constitution of the United States of America, and provided to them in the Constitution of the State of New York, and laws related thereto, the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the INCORPORATED VILLAGE OF GARDEN CITY and THE COUNTY OF NASSAU, subjected a citizen of the United

States or other persons within the jurisdiction, particularly the plaintiff, ANILLIR RAMIREZ-VEGA, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and the State of New York; were subjected to great indignities and humiliation, and pain and distress of mind and body and were held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging said plaintiff.

72. That by reason of the aforesaid the false arrest malicious, prosecution and deprivation of their rights and liberties as guaranteed by the aforementioned Constitutions, by the defendants, their agents, servants and employees, acting with the scope of their authority, and without any probable or reasonable cause, the plaintiff, ANILLIR RAMIREZ-VEGA, suffered injury as described hereinabove and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that his was otherwise damaged.

73. That by reason of the aforesaid, the plaintiff, ANILLIR RAMIREZ-VEGA, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

74. That by reason of the aforesaid, the plaintiff, ANILLIR RAMIREZ-VEGA, requests the following relief:

75. Compensary damages in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS as per the schedule set forth below.

76. Punitive damages of TEN MILLION ($10,000,000.00) DOLLARS.

77. An award of reasonable attorney's fees, costs and disbursements;

78. Plaintiff requests a trial by jury of all issues involved in this complaint;

79. Such other and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

| | |
|---|---|
| ON THE FIRST CAUSE OF ACTION | $5,000,000.00 |
| ON THE SECOND CAUSE OF ACTION | $2,000,000.00 |
| ON THE THIRD CAUSE OF ACTION | $2,000,000.00 |
| ON THE FOURTH CAUSE OF ACTION | $2,000,000.00 |
| ON THE FIFTH CAUSE OF ACTION | $2,000,000.00 |
| ON THE SIXTH CAUSE OF ACTION | $2,000,000.00 |
| ON THE SEVENTH CAUSE OF ACTION | $2,000,000.00 |

Dated: Forest Hills, NY
      September 20, 2005

Yours, etc.

RICHARD M. GUTIERREZ, ESQ.
Attorney for plaintiff
118-35 Queens Blvd., S/1500
Forest Hills, NY 11375
(718) 520-0663

## VERIFICATION

I, ANLLIR RAMIREZ-VEGA, being duly sworn, deposes and says:

Deponent is the Plaintiff in the within action and has read the foregoing COMPLAINT and knows the contents thereof.

The content of the aforesaid pleading is true to deponent's own knowledge, except as to matters therein stated to be alleged on information and belief, and to those matters deponent believes them to be true.

_____
ANLLIR RAMIREZ-VEGA

State of New York  )
                   ) ss.:
County of Queens   )

On the 20 day of September, 2005, before me personally came, Anllir Ramirez-Vega known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Nassau County
Reg No: 02605056237
exp. 3/4/06

CIVIL ACTION NO:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANILLIR RAMIREZ-VEGA

PLAINTIFF

-against-

GARDEN CITY POLICE DEPARTMENT, INCORPORATED VILLAGE OF GARDEN CITY, POLICE OFFICER JAMES M. SOMMER and COUNTY OF NASSAU

## VERIFIED COMPLAINT

RICHARD M. GUTIERREZ, ESQ.

*Attorney for PLAINTIFF*

*Office and Post Office Address, Telephone, Fax*
**118-35 QUEENS BOULEVARD**
**SUITE 1500**
**FOREST HILLS, NY 11375**
Telephone No.: 718-520-0663
Fax No.: 718-520-8306

To:

Attorney(s) for

Dated:

Service of a copy of the within _____ is hereby admitted.

Dated:

Attorney(s) for

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated: September 20, 2005

Signature _Richard M. Gutierrez_
RICHARD M. GUTIERREZ, ESQ.

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a _____ duly entered in the office of the clerk of the within named court on _____ 2004.
Dated:

Yours, etc.
**RICHARD M. GUTIERREZ, ESQ.**

*Attorney for*
*Office and Post Office Address*
**118-35 QUEENS BOULEVARD**
**SUITE 1500**
**FOREST HILLS, NEW YORK 11375**

To
Attorney(s) for

## NOTICE OF SETTLEMENT

PLEASE take notice that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on 2004 at _____
Dated,

Yours, etc.
**RICHARD M. GUTIERREZ, ESQ.**

*Attorney for*
*Office and Post Office Address*
**118-35 QUEENS BOULEVARD**
**SUITE 1500**
**FOREST HILLS, NEW YORK 11375**

To
Attorney(s) for